IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






NO. PD-255-04






RAMON REYNA, Appellant



v.



THE STATE OF TEXAS





ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


COLLIN COUNTY





 Holcomb, J., filed a dissenting opinion, in which Johnson, j., joins.
Womack, J., joins as to part I.


D I S S E N T I N G O P I N I O N 


 


 Today, the Court engrafts yet another new requirement-"party
responsibility"-onto our preservation of error rules, see Tex. R. App. P. 33.1; Tex. R. Evid.
103, and in so doing again denies a criminal defendant an enumerated constitutional right,
see e.g., Keeter v. State, (1) in this case, the right to confrontation. Because this novel theory
is not applicable to the facts at hand, I respectfully dissent. 

Discussion

I.

 I would hold that the offer of proof here and trial counsel's reasons for requesting the
right to question the witness about a subsequent accusation and recantation, preserved error
of a confrontation complaint because it was made with "sufficient specificity to make the
trial court aware of [a confrontation] complaint," and, the complaint was "apparent from the
context of the objection." See Tex. R. App. P. 33.1. The language of Rule 33.1 does not
support the majority's "party responsibility notion." Supra at _____. Specifically, Rule 33.1
provides that error is preserved if "the specific grounds [not ground] are apparent from the
context." This language, of course, implies that more than one ground may be preserved by
a general request for the admission of evidence [or objection to evidence] if the grounds
supporting admission are apparent from the context. The Court's holding today lops off half
of the rule; that is, if there could be more than one ground for admission raised by a general
argument for admission of evidence, the proponent of the evidence loses automatically,
unless of course he splits hairs, something we have said a party is not required to do to. See
Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). (2) Nevertheless, as explained
in the following discussion, I believe the record supports the fact that appellant preserved just
one complaint--a confrontation clause complaint; and therefore, the majority's application
of its "less common notion" is in error.

 The majority reasons that the less common notion of "party responsibility" prevents
admission here because at least two grounds for admission of the evidence were articulated
by defense counsel, the proponent of the evidence. However, a careful reading of defense
counsel's arguments belies the majority's reasoning. Defense counsel made two arguments
that the evidence should not be excluded under the rules of evidence. First, he argued that
the evidence was not subject to exclusion under the hearsay rules because it was not
hearsay--it was not being admitted for the truth of the matter asserted therein. Second, and
also in an apparent effort to counter an anticipated argument--i.e., that the court should
exclude the evidence based on Rule of Evidence 412(b), defense counsel argued that he was
not offering the evidence "to go to her sexuality." Both of these arguments were responses
to anticipated arguments for exclusion of the evidence that the State never made. (3) On the
other hand, defense counsel's third argument that the evidence should be admitted centered
on his right to test the credibility of the witness before the jury, which is clearly a reference
to the Confrontation Clause. 

 Speaking for defense counsel, however, the majority reasons that his "reference to
credibility could be a reference to either the Rules of Evidence or the Confrontation Clause";
and because this fatal error so confused the trial judge, we now may summarily deny
appellant his right to review based on the Confrontation Clause. Supra at _____. See Tex.
Code Crim. Proc. Ann. § 44.02. 

 Although the majority demands specificity from defense counsel, it is not willing to
name the rule (or rules) of evidence it attributes to appellant. Should a reviewing court
demand that parties make their objections so specific that no more than one ground for relief
could be intertwined within another possible ground for relief, (4) the other unnamed ground
for relief should be specifically articulated. But because the majority does not do this, I will
review every rule of evidence that uses the word "credibility" (as it relates to witnesses
before the jury) to determine whether such an evidentiary argument can be reasonably
attributed to appellant. 

 Rule 607, which is entitled "Who May Impeach" provides that, "The credibility of a
witness may be attacked by any party, including the party calling the witness." The majority
cannot reasonably conclude that defense counsel was invoking this rule because he was not
being denied the right to attack the witness's credibility. Rather, defense counsel thoroughly
cross-examined the witness after the in camera request to question her about a similar
accusation she made against another man. Additionally, Rule 607 is clearly inapplicable
because it was promulgated to replace the former "voucher rule," which prohibited a party
from cross-examining a turncoat witness it called. See Russeau v. State, 785 S.W.2d 387,
390 (Tex. Crim. App. 1990). This rule just does not fit here. 

 Rule 609(a)--entitled Impeachment by Evidence of Conviction of Crime--mentions
the word "credibility," but it is also inapplicable here. Rule 610 prevents parties from
offering evidence of a witness's religious convictions to show credibility or lack of
credibility. This rule could not be reasonably attributed to appellant's credibility argument. 
Rule 608(a)(1)(2) provides the general guidelines to attack the credibility of a witness; thus,
it would not directly support admission of the evidence here. 

 Because defense counsel was prevented from asking the complaining witness about
a specific instance of past conduct--that she accused another man of molesting her and then
later recanted, it would seem to draw Rule 608(b) into play. But this would be an odd
interpretation of defense counsel's argument for admission of the evidence, as Rule 608(b)
is a rule of exclusion. Moreover, we have already ruled, albeit pre-Crawford, that there is
no Confrontation Clause exception to the rule preventing cross-examination of witnesses
upon specific instances of conduct. See Lopez v. State, 18 S.W.3d 220, 223 (Tex. Crim. App.
2000). (5) 

 Therefore, defense counsel's argument can only be interpreted as an effort to invoke
the protections of the Confrontation Clause, as the trial court was limiting appellant's right
to cross-examine the complaining witness about her similar accusation and later recantation. 
That is, it just makes no sense to attribute to defense counsel an evidentiary argument, as it
appears no evidentiary argument would be helpful in admitting the accusation/recantation
evidence. 

 Conversely, defense counsel's argument that the evidence goes to the complaining
witness's credibility is most rationally centered on the Confrontation Clause. In Davis v.
Alaska, the Supreme Court reversed a conviction, without a finding of harm, based on the
Confrontation Clause, where the trial court refused to permit cross-examination of a material
witness as to motive and bias. 415 U.S. 308, 315 (1974); accord United States v. Cronic, 466
U.S. 648, 656-57 (1984); cf. Carmona v. State, 698 S.W.2d 100, 103-04 (Tex. Crim. App.
1985). We have construed this requirement to mean that a defendant may not be deprived
of effective cross-examination. See Carmona, 698 S.W.2d at 104. Defense counsel's request
to cross-examine the witness so as to reflect her "credibility" and the trial court's refusal to
permit it, presents a classic Sixth Amendment deprivation argument; i.e., without the ability
to cross-examine the witness upon her similar accusation and recantation, appellant would
be deprived of his right to confrontation. See id. 

 And, the Supreme Court's reasoning in Crawford v. Washington also supports the
contention that defense counsel's intent here was to invoke the protections of the
Confrontation Clause and nothing else. In Crawford, the Court explained that the text of the
Sixth Amendment "is most naturally read as a reference to the right of confrontation at
common law," which traditionally demanded "live testimony in court subject to adversarial
testing." 541 U.S. 36, 43, 54 (2004) (emphasis added). Any exceptions to the right of
confrontation are only those recognized at common law. See id. at 54. (6) While Crawford's
holding addressed the admission of an out-of-court statement and the defendant's inability
to cross-examine the out-of-court declarant, (7) the primary focus of the opinion is directed at
the common law guarantee to cross-examine the witnesses against the accused in order to
"tease out the truth" before the trier of fact. See id. at 67. Indeed, the lion's share of the
majority opinion is devoted to the proposition that the confrontation right requires adversarial
testing of the witness before the trier of fact so that the trier of fact can determine the
witness' credibility. See id. at 43-46 (development of confrontation right at common law as
it related to cross-examination of the witness before the trier of fact to determine credibility). 
Thus, the primary goal of the confrontation right, as Chief Justice Rehnquist points out in
concurrence, is to allow the jury to determine the witness' credibility: 

 [C]ross-examination is a tool used to flesh out the truth, not an empty
procedure. See Kentucky v. Stincer, 482 U.S. 730, 737 (1987) ("The right to
cross-examination, protected by the Confrontation Clause, thus is essentially
a 'functional' right designed to promote reliability in the truth-finding
functions of a criminal trial"); see also Maryland v. Craig, 497 U.S. 836, 845
(1990) ("The central concern of the Confrontation Clause is to ensure the
reliability of the evidence against a criminal defendant by subjecting it to
rigorous testing in the context of an adversary proceeding before the trier of
fact"). 


See 541 U.S. at 74 (Rehnquist, J., concurring). 

 Thus, as our binding authority suggests, (8) we should be hesitant to conclude that,
pursuant to a procedural rule (or a new interpretation of that rule), a defendant's request to
test the credibility of the witness through cross-examination is too vague to put the trial court
on notice that the defendant is invoking the protections of the Confrontation Clause. See
Douglas v. Alabama, 380 U.S. 415, 422 ("an objection which is ample and timely to bring
the alleged federal error to the attention of the trial court and enable it to take appropriate
corrective action is sufficient to serve legitimate state interests, and therefore sufficient to
preserve the claim for review").

 While defense counsel's reason for admitting the evidence was not a model of clarity,
I would hold that it put the trial court on notice that appellant's right to confrontation would
be violated if he was not allowed to test the witness' credibility through extended cross-examination. See id.; Tex. R. App. P. 33.1. The most reasonable interpretation of defense
counsel's "credibility" argument is that, in this indecency with a child case, appellant was
complaining about the limitations being placed on his right to cross-examine the witness,
which is clearly a Confrontation Clause complaint. See Brooks v. State, 132 S.W.3d 702, 705
(Tex. App.--Dallas 2004, pet ref'd). (9) 

II.

 It is true that defense counsel could have said, "Excluding the evidence would infringe
on Mr. Reyna's right to confront the witnesses against him under our state and federal
constitutions." But, under the majority's reasoning set forth in Keeter, this would be a plain-vanilla argument insufficient to draw the trial court's attention to constitutional error because
there would be no mention of case authority, such as Crawford v. Washington, Davis v.
Alaska, or Long v. State. See Keeter v. State, 2005 Tex. Crim. App. LEXIS 521 * 12.

 I must add that I am dismayed by this Court's willingness to overturn decisions of the
lower appellate courts based on newly created theories, such as the majority's admittedly
"less common notion" of party responsibility here. Put simply, the court of appeals did not
err; it based its decision on controlling case law from this Court and a proper application of
the rules. 

 Furthermore, I do not understand why this Court repeatedly construes the procedural
default concepts of Tex. R. App. P. 33.1 to "protect" trial courts, as if trial judges are laymen
rather than experts in law and procedure. The state and federal constitutions do not protect
trial courts--rather, they protect the criminally accused. U.S. Const. amend VI; Tex.
Const. art. I, § 10.

 With today's holding, we are not heading down a slippery slope; we have hit rock
bottom. The majority decision today holds litigants to such a high standard that even the
most careful, alert, knowledgeable, and brilliant lawyer can be tripped up, and the
constitutional rights belonging to his client will be unavailable due to a judicially crafted
enlargement of a reasonable and fair rule of court. (10) We should not allow our new "less
common notions" of hair-spitting analyses gut the constitutional rights of citizens accused. 
For these reasons, I dissent. (11) 

FILED: JUNE 29, 2005

PUBLISH.
1. PD-1012-03, 2005 Tex. Crim. App. LEXIS 521 *9-14 (Tex. Crim. App. 2005) (holding
appellant did not preserve Brady claim where factual issue of disclosure by prosecutor of
impeachment evidence was litigated in motion for new trial).
2. We have held that "No technical considerations or form of words" are required to
preserve error for review. Id. (straightforward communication in plain English will always
suffice if it lets the trial judge know what the party wants and why he thinks himself entitled to
it). 
3. Trial counsel's lack of clarity may be attributed in part to the State's failure to
specifically object to appellant's offer of proof. See supra at ____ (Court: "State objects?";
Prosecutor: "Yes"); see also Tex. R. Evid. 103(2),(b). 
4. See also, Keeter, 2005 Tex. Crim. App. LEXIS 521 *11-12 (intertwined legal
arguments during motion for new trial death knell to complaint on appeal). 
5. Both the State and the majority agree that Rule 412(b) is not applicable here, so I will
not address it. 
6. The Federal Confrontation Clause provides that,"[i]n all criminal prosecutions, the
accused shall enjoy the right . . . to be confronted with the witnesses against him." See also,
Lopez v. State, 18 S.W.3d at 222 (a primary interest secured by the Confrontation Clause is the
right of cross-examination); Long v. State, 742 S.W.2d 302 (Tex. Crim. App. 1987) (outlining
state confrontation right), cert. denied, 485 U.S. 993 (1988), overruled by Briggs v. State, 789
S.W.2d 918 (Tex. Crim. App. 1990)). 
7. See Delaware v. Fensterer, 474 U.S. 15, 18 (1985) (confrontation right is invoked by
two broad circumstances: the admission of out-of-court statements and restrictions imposed by
law or by the trial court on the scope of cross-examination). 
8. Pointer v. Texas, 380 U.S. 400, 406 (1965); see also, Davis v. Alaska, 415 U.S. at 318
(confrontation right abridged where the trial court did not permit defense counsel to "expose to
the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately
draw inferences relating to the reliability of the witness.") (emphasis added).
9. Citing Douglas v. Alabama, 380 U.S. at 421-23, the Dallas Court of Appeals concluded
that a hearsay objection which also invoked a right to cross-examination, preserved constitutional
error under the Sixth Amendment. 
10. See Tex. R. App. P. 33.1.
11. I agree with the majority opinion concerning the trial court's improper sealing of the
record. However, because I would conclude that appellant adequately preserved his
confrontation clause claim, I would hold the error harmless.